

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

*Superseded with at 29 d.v.c*

PRICE DANIEL
ATTORNEY GENERAL
XXXXXXXXXXXX

Honorable Thomas A. Wheat
County Attorney
Liberty County
Liberty, Texas

Dear Sir:

Opinion No. O-2742
Re: Salaries of county officials
of Liberty County

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Prior to this last preceding census of 1940, Liberty County had a population of less than 20,000 inhabitants, and the County was operating under the Officers' Salary Law and under Section 15 of Article 3912e. Now according to the last census, the population of Liberty County is approximately 25,000 inhabitants, and as such, we would come under Section 13, which applies to Counties between 20,000 inhabitants or more and less than 190,000 inhabitants, according to the last preceding Federal Census. This Statute, among other things provides, as follows:

"'....provided that in Counties having a population of 20,000 and less than 37,500 according to the last preceding Federal census, and having an assessed valuation in excess of $15,000-000.00, according to the last approved preceding tax roll of such County, the maximum amount allowed such officers as salaries may be increased 1% for each one million dollars valuation or fractional part thereof, in excess of said Fifteen Million ($15,000,000.00) Dollars

valuation over, and above the maximum
amount allowed such officers under laws
existing on August 24, 1935;....'

"This provision fits Liberty County exactly.
Now, then, we have to look to Article 3891 to see
what the maximum amount allowed such officers as
salaries may be increased 1% for each one million
dollars valuation or fractional part thereof in
excess of said fifteen million dollars valuation
over and above the maximum amount allowed such
officers of the laws existing on August 24th, 1935.

"Now, then we have to look to Article 3891 to
see what the maximum amount allowed such officers
under laws existing on August 24th, 1935 were.
Here, we find, that Article 3891, among other
things, provides:

"'In counties containing as many
as twenty-five thousand and one (25,001)
and not more than thirty-seven thousand,
five hundred (37,500) inhabitants, dis-
trict and county officers named herein
shall retain one-third of such excess
fees until such one-third, together with
the amount specified in Article 3883,
amounts to Thirty-five Hundred Dollars
($3500). Precinct officers shall retain
one-third until such one-third, together
with the amount specified in Article
3883, amounts to Eighteen Hundred Dollars
($1800.00).'

"The question now arises as to whether or not,
we would be entitled to come under this sub-division
of Article 3891 in figuring what our maximum income
would be, under the laws of 1935. Inasmuch as Sec-
tion 13 provides for a ceiling of 37,500 and a mini-
mum of 20,000, and the third paragraph of 3891 being
the part that I quoted to you above provides for a
ceiling of 37,500 and then a minimum of 25,001. In-
asmuch as we come within the bracket of at least the
ceiling of 37,500, it seems that in estimating the

amount of the maximum amount that would be allow-
ed to the County officials of Liberty County un-
der the laws existing on August 24, 1935, that
you would follow the third paragraph of Article
3891, the part that I have quoted to you above.

"I would like to have an opinion from you
as to whether or not, in your opinion, the Com-
missioners' Court would be guided by Article
3891, providing for our salaries and the salar-
ies of other County officials of Liberty County.
The main reason why we think that this provision
should govern it is if you follow paragraph #2
and if it is found that Liberty County comes
under paragraph #2 of Article 3891, then and in
that event the officers of Liberty County will
take a cut in their salaries from what they were
making while operating under Section 15 for
counties having a population of less than 20,000
inhabitants. At the present time we have more
people to serve than we had, while operating
under the Federal Census of 1930, and Section
15 of Article 3912e, and we have more duties
to perform, because we have more people to serve.
As such out of plain common reasoning it seems
as though our salaries should certainly be in-
creased instead of lowered.

"For your exact information the population
of Liberty County according to the 1940 Census
is somewhere in the neighborhood of 25,000,
maybe a few figures below 25,000 inhabitants.
Please let me have an early reply from you in
this connection."

The population of Liberty County, Texas, according
to the 1930 Federal Census was 19,868 inhabitants.

The population of Liberty County, Texas, according
to the 1940 Federal Census, as announced by John L. Lewis,
U.S. Census Supervisor of the San Antonio area in the Dallas
Morning News of August 11, 1940, was 24,555 inhabitants.

Article 3912e, Section 13, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

"The Commissioners' Court in counties having a population of twenty thousand (20,000) inhabitants or more, and less than one hundred and ninety thousand (190,000) inhabitants according to the last preceding Federal Census, is hereby authorized and it shall be its duty to fix the salaries of all the following named officers, to-wit: sheriff, assessor and collector of taxes, county judge, county attorney, including criminal district attorneys and county attorneys who perform the duties of district attorneys, district clerk, county clerk, treasurer, hide and animal inspector. Each of said officers shall be paid in money an annual salary in twelve (12) equal installments of not less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officer under laws existing on August 24, 1935; provided that in counties having a population of twenty thousand (20,000) and less than thirty-seven thousand five hundred (37,500) according to the last preceding Federal Census and having an assessed valuation in excess of Fifteen Million ($15,000,000.00) Dollars, according to the last approved preceding tax roll of such county the maximum amount allowed such officers as salaries may be increased one (1%) per cent for each One Million ($1,000,000.00) Dollars valuation or fractional part thereof, in excess of said Fifteen Million ($15,000,000.00) Dollars valuation over and above the maximum amount allowed such officers under laws existing on August 24, 1935;....."

Article 3891, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

"Each officer named in this Chapter shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistants and deputies, and authorized expenses under Article 3899, and the amount necessary to cover costs of premium on whatever surety

bond may be required by law. If the current fees of such office collected in any year be more than the amount needed to pay the amounts above specified, same shall be deemed excess fees, and shall be disposed of in the manner hereinafter provided.

"In counties containing twenty-five thousand (25,000) or less inhabitants, District and County officers named herein shall retain one-third of such excess fees until such one-third, together with the amounts specified in Article 3883, amounts to Three Thousand Dollars ($3,000). Precinct officers shall retain one-third until such one-third, together with the amount specified in Article 3883, amounts to Fourteen Hundred Dollars ($1400)...."

We quote from the recent case of Nacogdoches County vs. Winder, (Beaumont Court of Civil Appeals) 140 SW 2d 972, as follows:

"The following facts are without dispute; Appellee, Winder, was the duly elected, qualified and acting County Clerk of Nacogdoches County during the years 1937 and 1938. Nacogdoches County was under the salary act law, Article 3912e, section 13, Vernon's Ann. Civil Statutes, and Article 3891, R.C.S., Vernon's Ann. Civ. St. art. 3891. Under these statutes, the salary of the County Clerk of Nacogdoches County was governed by the minimum of salary earned in 1935, and a maximum salary of $3,500. The County Clerk of Nacogdoches County in 1935 earned as compensation of his office the sum of $3,286.16. On January 13, 1936, at a regular session of the Commissioners' court, an order was entered by said court fixing appellee's salary at $3,286.16 the amount earned as salary by the county judge of said county in 1935. Later in said month, January 31st, at a called session of said court, his salary was fixed at $3,350 per year. On January 11, 1937, the commissioners' court in regular session fixed his salary at $3,000, for that year, and on January 10, 1938, said court fixed his salary at $3,000 for said year. This was $286.16 less than the minimum salary for 1935, and $350 less

than the salary as fixed by the order of January
31, 1936. Appellee prayed judgment for $572.32,
the difference between the $3,000 per year for
1937 and 1938, and the minimum of $3,286.16 as
fixed by the order of January 13, 1936, or in
the alternative, for judgment for $700 if the
order of January 31, 1936, passed at the called
session be found proper. The judgment was for
$572.32.

"We think the order fixing appellee's salary
made at the regular term on January 13, 1936,
was in accordance with the law, and that the
amount then fixed as the annual salary of appellee,
$3,286.16, under the facts and the law was proper,
and is controlling here. Article 3912e, section
13, Vernon's Ann. Civ. St. fixed the salary of
county Clerks in the class of counties in which
Nacogdoches fell, at not less than the total sum
earned by him in his official capacity for the
fiscal year 1935 and not more than the maximum
amount allowed such officer under laws existing
on August 24, 1935. The legislature having pre-
scribed the minimum amount of salary (the offi-
cial earnings in 1935) and that being shown to
have been $3,286.16, the commissioners' court did
not have the authority to ignore this statutory
provision of minimum salary and fix the salary at
$3,000. The provisions of the statute authorizing
the commissioners' court to fix the salary at any
sum not less than a certain minimum, and not more
than a certain maximum, are mandatory, and could
not be ignored by the members of the court at their
discretion. The order fixing appellee's salary
at $3,000 was without authority, and so void."

Opinion No. 0-2582 of this department dealt with a
situation relative to the salaries of the officers of Travis
County, Texas, where the population of that county had in-
creased from 77,777 inhabitants in 1930 to 110,686 inhabi-
tants according to the 1940 census. This opinion holds that
the change in the population of Travis County, as shown by
the Federal Census of 1940, has no effect whatever upon
the salaries of the district and county officers named in

Article 3912e, Section 13, V.A.C.S. and that the maximum salary to be allowed such officer was the maximum allowed the officer by laws existing August 24, 1935, to-wit, $4,750.00. We enclose herewith a copy of said opinion.

Opinion No. O-2560 of this department holds that the commissioners' court of Limestone County, Texas, should fix the salaries of the officials of said county named in Article 3912e, Sec. 13, V.A.C.S., for the year 1941; that the minimum salary of each such officer cannot be less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935 and that the maximum salary of each above mentioned officer could be the maximum amount allowed him under laws existing August 24, 1935, plus one per cent for each one million dollars valuation or fractional part thereof in excess of fifteen million dollars. This opinion dealt with a situation where there was a decrease in population. We enclose herewith a copy of said opinion.

We also enclose herewith copies of opinions Nos. O-2565, O-2546 and O-2563 of this department which deal with similar questions.

On August 24, 1935, the population of Liberty County, Texas, according to the then last preceding Federal Census of 1930, was 19,868 inhabitants, and at that time, to-wit, August 24, 1935, the maximum amount allowed the county and district officers of Liberty County, Texas, under Articles 3883 and 3891, Vernon's Annotated Texas Civil Statutes, was the sum of $3,000.00.

You are respectfully advised that it is the opinion of this department the maximum salaries of the county officials of Liberty County, Texas, named in Article 3912e, Section 13, V.A.C.S., for the year 1941, cannot exceed the sum of $3,000.00 plus one per cent thereof for each million dollar valuation or fractional part thereof in excess of fifteen million dollars. For example, if the assessed valuation of Liberty

County, Texas, according to the last approved pre-
ceding tax roll of such county, was $22,285,140.00
(as we have been informed by the State Comptroller
that it was) the maximum salary of such county of-
ficials could not exceed the sum of $3,240.00 for
the year 1941.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. Fanning
Wm. J. Fanning
Assistant

WJF:AM/lg

ENCLOSURE

APPROVED Sep. 27, 1940

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS